# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.  1:16-mj-96-MJD |
| | ) | |
| KYLE COX, | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON MOTION FOR REVOCATION OF RELEASE ORDER

Before the Court is the Government's motion for revocation of release order (Dkt. No. 10).  The Court, being duly advised, **DENIES** the motion but modifies the conditions of the Defendant's release for the reasons, and to the extent, set forth below. Also before the Court is the Defendant's Motion to Strike in Part the Government's Motion for Revocation for Release Order (Dkt. No. 12) and the Government's Response (Dkt. No. 13). The Court, being duly advised, also **DENIES** that motion.[1]

## I.  STANDARD

18 U.S.C. § 3145(a)(1) provides for district court review of a magistrate judge's release order.  Section 3145(a) states in relevant part:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.] The motion shall be determined promptly.

---

[1] The Defendant argues that the filing by the Government violated Local Rule 7-1 in various respects. Any error was entirely harmless, as it did not in any way prejudice the Defendant's ability to respond to the Government's arguments.

The district court must conduct a *de novo* review and need not defer to the magistrate judge's findings.  The Court may review the transcript of the proceedings before the magistrate judge or it may hold a new hearing.  *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).  In this case, the Court has reviewed a draft of the transcript and has determined that no hearing is necessary.

## II.  <u>BACKGROUND</u>

### A.  The Charged Offense

On February 4, 2016, the Defendant, Kyle Cox, was charged by Complaint with one count of coercion and enticement of a 15-year-old minor to engage in illegal sexual activity, and attempt to do so. The statute provides in relevant part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. ' 2422(b). Both federal and state law are relevant to determine whether the underlying sexual activity is a criminal offense.

The federal statute concerning Sexual Exploitation of a Child provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or

2

transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C.A. ' 2251(a). Attempting to sexually exploit a child is also a crime. 18 U.S.C.A. '

2251(e).

Indiana's statute concerning Sexual Misconduct with a Minor prohibits sexual

intercourse, other sexual conduct and/or touching or fondling of either the child or the older

person, with intent to arouse or satisfy sexual desires of either the child or the older person,

between a person who is at least 18 years old and a child who is 14 or 15 years old. Ind. Code.

Ann. ' 35-42-9(b).

### B.  The Pretrial Detention Hearing

Cox appeared on February 8, 2016, for a detention hearing before the magistrate judge.

The Government moved for detention, arguing that Cox poses a danger to the community and

also that there was a risk Cox would fail to appear at future court hearings. *See* 18 U.S.C. '

3142(e), (f)(2)(A), (f)(2)(B). The charge against Cox creates a presumption of detention. 18

U.S.C. ' 3142(e)(3)(E).

At the detention hearing, Cox appeared with counsel and proffered evidence in an attempt

to rebut the presumption that no condition or combination of conditions would reasonably assure

his appearance and the safety of the community. *See* 18 U.S.C. ' 3142(e)(3). The magistrate

judge found that Cox had presented sufficient evidence to rebut the presumption, and the burden

shifted to the Government to prove that there are no conditions of release that will reasonably

assure Cox's appearance and the safety of any other person and community.

The Government then proffered evidence that Cox posed a risk of flight and a danger to

the community.  Weighing the factors from 18 U.S.C. ' 3142(g), the magistrate judge ultimately

concluded that there was a combination of conditions that would reasonably assure the safety of

the community and Cox's appearance at future proceedings in the matter.  Thus, Cox was

ordered released pending trial.[2]

The Government orally moved for a revocation of Cox's release order and a stay of his

release pending review by this Court. The magistrate judge granted the Government's motion to

stay Cox's release. The Government then filed the instant motion for revocation of the release

order (Dkt. No. 10). Having received and reviewed the record, including a draft transcript of the

detention hearing and the offered exhibits, the Court now rules on the Government's motion.

### III.   DISCUSSION

A defendant shall be detained pending trial if a judicial officer finds "that no condition or

combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." 18 U.S.C. § 3142(e), (b), and (c). The

Government bears the burden of proof and must prove risk of flight by a preponderance of the

evidence and dangerousness to any other person or to the community by clear and convincing

evidence. *United States v. Portes*, 786 F.2d 758, 764-65 (7th Cir. 1985) (internal citations

omitted); *see also United States v. Robinson*, 27 F. Supp. 2d 1116, 1120 (S.D. Ind. 1998)

(preponderance of the evidence standard used in evaluating flight risk); 18 U.S.C. §

---

[2] Specifically, among other restrictions and conditions, the magistrate judge placed Cox in the custody of parents, who agreed to supervise him, use their best efforts to assure his appearance, and notify the Court of violations of conditions of release. The magistrate judge placed Cox on home detention with GPS monitoring and restricted him to his parents' residence at all times with certain exceptions, including employment. Cox was to surrender his passport and restrict his travel to the Southern District of Indiana unless preapproved by pretrial services. He was to avoid all direct and indirect contact with any person who may be a witness or victim, any potential co-defendants, and any current or former Park Tudor students, faculty members, or administrators except through counsel. He was restricted from unsupervised contact with any minor children except for his own children unless the contact had been disclosed and approved by the probation office. He was not to own or possess any internet-capable device, including a cell phone, without the express permission of the probation office.

3142(f)(2)(B) ("The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). If the defendant is not detained pending trial, the judicial officer shall order the pretrial release of the defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B).

Cox was charged with coercion and enticement of a 15-year-old minor to engage in illegal sexual activity and attempt to do so, in violation of 18 U.S.C. ' 2442(b). Given the type of crime, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  *See* 18 U.S.C. § 3142(e)(3)(E).  That presumption, however, is rebuttable.  *Id.*  To rebut that presumption, it is Cox's burden to produce "some evidence that he will not flee or endanger the community if released," but "the burden of production is not a heavy one to meet."  *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). For example, a defendant could show that the specific nature of the crimes charged, or that something about his individual circumstances, suggests that "what is true in general is not true in the particular case."  *Id.* (citations omitted). Furthermore, "[t]he burden of persuasion remains with the government once the burden of production is met," although "the rebutted presumption is not erased [but] remains in the case as an evidentiary finding mitigating against release, to be weighed along with other evidence relevant to factors listed in ' 3142."  *Id.* (citation omitted). The Court finds that Cox has met his burden in presenting some evidence that he will not flee or endanger the community.

The Court's inquiry into whether Cox should remain in detention prior to trial is guided by the following factors:  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community.  *See* 18 U.S.C. § 3142(g).

### A.  Nature and Circumstances of the Offense Charged

It is undisputed that Cox has been charged with a crime triggering the rebuttable presumption.  Therefore, the nature of the offense weighs in favor of detention.

### B.  Weight of the Evidence Against the Defendant

The Court takes judicial notice of the Complaint; Cox waived his right to a preliminary hearing, and the magistrate judge found probable cause.  Looking at the evidence as a whole, this factor weighs in favor of detention.

### C.  The History and Characteristics of the Defendant

Section 3142(g)(3) instructs the Court to consider Cox's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense. Cox has lived in Indiana his entire life. His parents, wife, and children all reside in Indiana. No evidence related to drug or

alcohol use was presented. Cox has no criminal history. Looked at as a whole, Cox's history and characteristics weigh in favor of release.

### D.  Risk of Flight and Nature and Seriousness of the Danger to Any Person in the Community

At the detention hearing, the Government argued that the principal reasons for detaining Cox were that he is a danger to the community and that he has obstructed the investigation in the past and would do so in the future if released.  The Court finds that the Government has not proved by a preponderance of the evidence that Cox is such a flight risk such that "no condition or combination of conditions will reasonably assure [Cox's] appearance" at further proceedings in this case.  18 U.S.C. § 3142(e).  As detailed more fully below, the Court is placing Cox on 24-hour lockdown at a monitored facility. As such, the Court finds that the strict conditions of release outlined in this entry reasonably assure Cox's appearance at future proceedings.

Nor does the Court find that the Government has proved by clear and convincing evidence that Cox is a danger to any person in the community.  Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431–33 (1979).  During the hearing, the Government presented evidence of messages between Cox and the alleged victim in this case in which Cox asked the alleged victim to lie about their relationship. The Court certainly finds these messages troubling, but notes that there is no evidence that Cox has had any contact with the alleged victim since the day of his resignation from Park Tudor. As required by statute, the Court is imposing a condition that Cox avoid all contact with the alleged victim and any potential witnesses.

The Government also presented evidence that Cox exchanged text messages with other Park Tudor students after the date of his resignation. The Government argued that these messages demonstrate that Cox violated the confidentiality agreement he had signed with Park

Tudor. Cox argued, and the Court agrees, that his violation of the confidentiality agreement was a civil matter. The Court notes that Cox, as required by statute, has been informed of the possible penalties and sanctions should he violate any conditions of release that the Court is imposing.

Most concerning to the Court are the messages presented by the Government and purported to be between Cox and a male student in which Cox told the male student, "I would turn my head if you messed her up," (Gov. Ex. 2), with "her" apparently referring to the alleged victim. The male student later texted Cox that he "took [the alleged victim] by the neck and threw her to the ground." He also reported throwing another female student to the ground. (Gov. Ex. 3). Cox responded, "It would have been pretty epic if you would have caused a concussion lol." *Id.* Certainly, the Court finds these text messages extremely troubling; however, the Court is not convinced that there are no combination of conditions that will reasonably assure the safety of the community. The stringent conditions the Court is imposing also reasonably assure that Cox will not be able to obstruct justice.

The Court finds that the conditions imposed by the magistrate judge are insufficient to reasonably assure Mr. Cox's appearance and safety of the community. However, the Court does not find that the Government has met its burden of proving that no combination of conditions exist that will reasonably assure Mr. Cox's appearance and the safety of the community. As such, the Court finds that the following terms of release are necessary to reasonably assure Mr. Cox's appearance and the safety of the community and therefore imposes the following conditions of release:

1. The Defendant is ordered to be transported to the Volunteers of America-Indiana facility ("VOA") located at 927 North Pennsylvania Street, Indianapolis, Indiana 46204 where, pending trial, he is to remain on 24-hour-lockdown status except for emergencies. This lockdown status is imposed in lieu of electronic monitoring as required under 18 U.S.C. ' 3142(c)(1)(B).

2. The Defendant may not leave the VOA unattended. He is only to leave for court appearances, attorney visits, or other appointments as pre-approved by the United States Pretrial Services Agency. The Pretrial Services Agency will make arrangements for the Defendant to be accompanied anytime he leaves the VOA for one of these specified activities. He must be accompanied by someone other than a relative.

3. The Defendant is prohibited from accessing the internet or possessing any internet-enabled device while being housed at the VOA.

4. The Defendant shall avoid all direct and indirect contact with any person who may be a witness or victim, any potential co-defendants, and any current or former Park Tudor students, faculty members, or administrators except through counsel.

5. The Defendant is allowed to make phone calls pursuant to the VOA's telephone policy; however, he may not receive phone calls.

6. The Defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 1413(a).

7. The Defendant shall refrain from the use of alcohol.

8. The Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

9. The Defendant shall surrender his passport to the United States Probation Office for the Southern District of Indiana and shall not obtain a new one.

10. The Defendant is prohibited from traveling inside or outside of the district except as provided above.

11. The Defendant is prohibited from possessing any firearms, destructive devices, or other dangerous weapons.

12. The Defendant shall not possess any pornography, erotica, or nude images.

13. The Defendant shall not have any unsupervised contact with any minor child, except any child of his own, unless the contact has been disclosed to and approved by the United States Probation Officer.

14. The Defendant is to comply with all other VOA rules while being housed at the facility.

## IV.   <u>CONCLUSION</u>

Considering all of the factors, the Court finds that they weigh in favor of release.

Therefore, the Government's motion for revocation of release order (Dkt. No. 10) is

**DENIED**, and the stay of Cox's order of release is **VACATED**.  The Defendant's Motion to

Strike in Part the Government's Motion for Revocation for Release Order (Dkt. No. 12) is

**DENIED**. Cox is released pursuant to the conditions set forth above.

SO ORDERED: 2/16/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication